IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| William Christopher Turner, | ) | C/A No.: 1:12-3039-MGL-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| Spartanburg County Jail Medical Office, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

Plaintiff, proceeding *pro se* and *in forma pauperis*, is detained at the Spartanburg County Detention Center and brings this action against the Spartanburg County Jail Medical Office alleging violations of 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the complaint in this case without prejudice and without issuance and service of process.

I.  Factual and Procedural Background

Plaintiff alleges that he has had several episodes of gastrointestinal ("GI") bleeding, a few of which have resulted in trips to the hospital. [Entry #1 at 3]. Plaintiff alleges he "threw up blood," and also had blood "pouring out [of his] rectum," on September 18, 2012. *Id*. Plaintiff alleges that medical personnel refused to see him that day, but that the incident was videotaped by a correctional officer. *Id*. Plaintiff further

alleges that he has "missed [his] meds at least 30 times." *Id*. Plaintiff alleges the names of the nurses who would not give him medication on one particular day were Nurse Pressley and Nurse Ebony. *Id*. Plaintiff also complains that correctional officers are sometimes given the responsibility of handing out medications, but are not properly trained to do so. *Id*. at 5. Plaintiff alleges he has attempted to file grievances about these matters, but has not received any responses. *Id*. at 5. Plaintiff further alleges that he had another bleeding incident on October 16, 2012 and was again denied medical treatment, but was told to fill out a medical request. *Id*. Plaintiff seeks damages in the amount of $2,000,000.00. *Id*. at 6. He also asks for "better medical care and/or surgery." *Id*.

II.  Discussion

    A.  Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(I), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S.25, 31 (1992). A claim based on a meritless legal theory may be dismissed sua sponte under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989). *Pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v.*

*Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

  B. Analysis

  A civil action under § 1983 "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Rehberg v. Paulk,* 132 S.Ct. 1497, 1501 (2012). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Plaintiff indicates in the complaint that he wishes to sue the Spartanburg County Jail Medical Office. [Entry #1 at 1–2]. However, the medical department of the Spartanburg County Detention Center is a facility or building that is not subject to suit under § 1983. *See Nelson v. Lexington Cnty. Det. Ctr.*, No. 8:10-2988-JMC, 2011 WL 2066551, at *1

(D.S.C. May 26, 2011) (finding that a detention center—a building—is not amenable to suit under § 1983). Additionally, while defendant may include a group of people employed in the medical department, groups of people are not amenable to suit under § 1983.[1] *See Harden v. Green*, 27 F. App'x 173, 178 (4th Cir. 2001) (finding that the medical department of a prison is not a person pursuant to § 1983); *Dalton v. South Carolina Dep't of Corr.*, No. 8:09-260-CMC-BHH, 2009 WL 823931, at *2 (D.S.C. March 26, 2009) (dismissing the medical staff of SCDC and prison health services as defendants because they were not persons). Therefore, Plaintiff has failed to state a claim on which relief may be granted as to the sole defendant Spartanburg County Jail Medical Office.

III. Conclusion

For the foregoing reasons, it is recommended that this case be dismissed without prejudice and without issuance and service of process.

IT IS SO RECOMMENDED.

November 1, 2012
Columbia, South Carolina

Shiva V. Hodges
United States Magistrate Judge

---

[1] This court recognizes that Plaintiff mentions Nurses Pressley, Ebony, and Black by name in the complaint. However, even liberally construed, a complete review of the complaint and the proposed service documents indicates that he is only suing "Spartanburg Co Jail Medical Office." *Cf. Brown v. North Carolina Dep't of Corr.*, 612 F.3d 720, 723–24 (4th Cir. 2010) (where Officer Simms was named as a defendant, the references in the complaint to "staff members" who were deliberately indifferent to plaintiff reasonably included Simms).

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).